**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| SEQUENT DATA, LLC,<br><br>                Plaintiff,<br><br>    v.<br><br>ASUSTEK COMPUTER INC. and ASUS COMPUTER INTERNATIONAL,<br><br>                Defendants. | Civil Action No. _____<br><br>JURY TRIAL DEMANDED |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Sequent Data, LLC ("Sequent Data" or "Plaintiff"), for its Complaint against Defendants ASUSTeK Computer Inc. and Asus Computer International, collectively referred to as ("Asus" or "Defendants"), alleges the following:

**NATURE OF THE ACTION**

1. This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq*.

**THE PARTIES**

2. Plaintiff Sequent Data LLC is a limited liability company organized under the laws of the State of Delaware, with a place of business at 845 Tatnall Street, Wilmington, DE 19801.

3. Upon information and belief, Asus Computer International is a corporation organized and existing under the laws of California, with a place of business at 800 Corporate Way, Fremont, CA 94539 and can be served at that address. Upon information and belief, Defendant Asus Computer International sells and offers to sell products and services throughout the United States, including in this judicial district, and introduces products and services that

perform infringing processes into the stream of commerce knowing that they would be sold in this judicial district and elsewhere in the United States.

4. Upon information and belief, ASUSTeK Computer Inc. is a corporation organized and existing under the laws of Taiwan, with a place of business at No. 15, Li-Te Rd., Peitou District, Taipei 112, Taiwan, R.O.C.; and No. 400, Sec. 7 Chengde Rd., Peitou District, Taipei 112, Taiwan, R.O.C. and can be served at that address.  Upon information and belief, Defendant ASUSTeK Computer Inc. sells and offers to sell products and services throughout the United States, including in this judicial district, and introduces products and services that perform infringing processes into the stream of commerce knowing that they would be sold in this judicial district and elsewhere in the United States.

## JURISDICTION AND VENUE

5. This is an action for patent infringement arising under the Patent Laws of the United States, Title 35 of the United States Code.

6. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

7. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(c) and 1400(b).

8. Upon information and belief, each Defendant conducts substantial business in this forum, directly or through intermediaries, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct and/or deriving substantial revenue from goods and services provided to individuals in Delaware.

## COUNT I – INFRINGEMENT OF U.S. PATENT NO. 7,051,054

9. The allegations set forth in the foregoing paragraphs 1 through 8 are incorporated into this First Claim for Relief.

10. On May 23, 2006, U.S. Patent No. 7,051,054 ("the '054 patent"), entitled "Method And Apparatus For Emulating Read/Write File System On A Write-Once Storage Disk," was duly and legally issued by the United States Patent and Trademark Office. A true and correct copy of the '054 patent is attached as Exhibit A.

11. Sequent Data is the assignee and owner of the right, title and interest in and to the '054 patent, including the right to assert all causes of action arising under said patent and the right to any remedies for infringement of it.

12. Upon information and belief, Defendants have and continue to directly infringe one or more claims of the '054 patent by making, using, selling, importing and/or providing and causing to be used products that that include the claimed combinations of features of the '054 patent including writing data sequentially to emulate a read/write file system on a write-once Blu-Ray disc, pursuant to Blu-Ray disc standard specifications, which products by way of example include SBC06D2XU, SBW06D2XU, SBW06C1SU, BW12D1SU, BW14D1XT, BC12B1ST, BW12B1ST, and BW16D1HT (the "Accused Instrumentalities").

13. Defendants were made aware of the '054 patent and its infringement thereof at least as early as their receipt of correspondence from Sequent Data providing notice of the '054 patent and Asus's infringement thereof sent to Defendants on June 6, 2014. Each letter was sent by certified mail with return receipt requested or via Federal Express with notification of delivery requested. Sequent Data has since received the return receipt from each Defendant, indicating that Defendants have received the letters.

14. Upon information and belief, since at least the time they received notice, Defendants have induced and continue to induce others to infringe at least one claim of the '054 patent under 35 U.S.C. § 271(b) by, among other things, and with specific intent or willful

blindness, actively aiding and abetting others to infringe, including but not limited to Defendants' partners and customers, whose use of the Accused Instrumentalities constitutes direct infringement of at least one claim of the '054 patent.

15. In particular, Defendants' actions that aid and abet others such as their partners and customers to infringe include advertising and distributing the Accused Instrumentalities and providing instruction materials, training, and services regarding the Accused Instrumentalities. On information and belief, Defendants have engaged in such actions with specific intent to cause infringement or with willful blindness to the resulting infringement because Defendants have had actual knowledge of the '054 patent and that their acts were inducing infringement of the '054 patent since at least the date Defendants received notice that such activities infringed the '054 patent.

16. Despite Sequent Data's notice to Defendants regarding the '054 patent, Asus has continued to infringe the '054 patent. On information and belief, Asus's infringement has been and continues to be willful.

17. Sequent Data has been harmed by Asus's infringing activities.

**COUNT II – INFRINGEMENT OF U.S. PATENT NO. 6,738,333**

18. The allegations set forth in the foregoing paragraphs 1 through 8 are incorporated into this Second Claim for Relief.

19. On May 19, 2004, U.S. Patent No. 6,738,333 ("the '333 patent"), entitled "Format For Recording Data In A Storage Disk," was duly and legally issued by the United States Patent and Trademark Office. A true and correct copy of the '333 patent is attached as Exhibit B.

20. Sequent Data is the assignee and owner of the right, title and interest in and to the '333 patent, including the right to assert all causes of action arising under said patent and the right to any remedies for infringement of it.

21. Upon information and belief, Defendants have and continue to directly infringe one or more claims of the '333 patent by making, using, selling, importing and/or providing and causing to be used products that that include the claimed combinations of features of the '333 patent including writing data sequentially to emulate a read/write file system on a write-once Blu-Ray disc, pursuant to Blu-Ray disc standard specifications, which products by way of example include SBC06D2XU, SBW06D2XU, SBW06C1SU, BW12D1SU, BW14D1XT, BC12B1ST, BW12B1ST, and BW16D1HT (the "Accused Instrumentalities").

22. Defendants were made aware of the '333 patent and its infringement thereof at least as early as their receipt of correspondence from Sequent Data providing notice of the '333 patent and Asus's infringement thereof sent to Defendants on June 6, 2014.  Each letter was sent by certified mail with return receipt requested or via Federal Express with notification of delivery requested.  Sequent Data has since received the return receipt from each Defendant, indicating that Defendants have received the letters.

23. Upon information and belief, since at least the time they received notice, Defendants have induced and continue to induce others to infringe at least one claim of the '333 patent under 35 U.S.C. § 271(b) by, among other things, and with specific intent or willful blindness, actively aiding and abetting others to infringe, including but not limited to Defendants' partners and customers, whose use of the Accused Instrumentalities constitutes direct infringement of at least one claim of the '333 patent.

24. In particular, Defendants' actions that aid and abet others such as their partners and customers to infringe include advertising and distributing the Accused Instrumentalities and providing instruction materials, training, and services regarding the Accused Instrumentalities. On information and belief, Defendants have engaged in such actions with specific intent to cause

infringement or with willful blindness to the resulting infringement because Defendants have had actual knowledge of the '054 patent and that their acts were inducing infringement of the '333 patent since at least the date Defendants received notice that such activities infringed the '333 patent.

25. Despite Sequent Data's notice to Defendants regarding the '333 patent, Asus has continued to infringe the '333 patent. On information and belief, Asus's infringement has been and continues to be willful.

26. Sequent Data has been harmed by Asus's infringing activities.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Sequent Data demands a trial by jury on all issues triable as such.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Sequent Data demands judgment for itself and against Defendants as follows:

A. An adjudication that Defendants have infringed the '333 patent and the '054 patent;

B. An award of damages to be paid by Asus adequate to compensate Sequent Data for Asus's past infringement of the '333 patent and the '054 patent, and any continuing or future infringement through the date such judgment is entered, including interest, costs, expenses and an accounting of all infringing acts including, but not limited to, those acts not presented at trial;

C. A declaration that this case is exceptional under 35 U.S.C. § 285, and an award of Plaintiff's reasonable attorneys' fees; and

D. An award to Sequent Data of such further relief at law or in equity as the Court deems just and proper.

Dated:  July 1, 2014

DEVLIN LAW FIRM LLC

*/s/ Timothy Devlin*
Timothy Devlin (# 4241)
tdevlin@devlinlawfirm.com
1220 North Market Street, Suite 850
Wilmington, Delaware 19801

Telephone: (302) 449-9010
Facsimile: (302) 353-4251

*Attorneys for Plaintiff*
SEQUENT DATA, LLC