## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SEQUENT DATA LLC, | |
| *Plaintiff,* | Civil Action No. 14-00855–SLR |
| v. | |
| ASUSTEK COMPUTER INC. and ASUS COMPUTER INTERNATIONAL, | JURY TRIAL DEMANDED |
| *Defendants.* | |

## DEFENDANT ASUS COMPUTER INTERNATIONAL'S OPENING BRIEF IN SUPPORT OF ITS MOTION TO TRANSFER PURSUANT TO 28 U.S.C. § 1404(a)

*Of Counsel:*

Joshua M. Masur
Karen I. Boyd
Esha Bandyopadhyay
Robert J. Kent
Zhuanjia Gu
TURNER BOYD LLP
702 Marshall Street, Suite 640
Redwood City, CA 94063
(650) 521-5930
masur@turnerboyd.com
boyd@turnerboyd.com
bandyopadhyay@turnerboyd.com
kent@turnerboyd.com
gu@turnerboyd.com

Kenneth L. Dorsney (#3726)
MORRIS JAMES LLP
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801-1494
(302) 888-6800
kdorsney@morrisjames.com

*Attorneys for Defendant
ASUS Computer International*

Dated: January 5, 2015

## TABLE OF CONTENTS

I.   INTRODUCTION ........................................................................................................... 1

II.  PROCEDURAL BACKGROUND...................................................................................... 1

III. SUMMARY OF THE ARGUMENT ................................................................................ 2

IV.  FACTUAL BACKGROUND............................................................................................ 2

    A.   Defendant ASUS Computer International .............................................................. 2

    B.   Plaintiff Sequent Data LLC ................................................................................... 3

V.   LEGAL STANDARDS .................................................................................................... 4

VI.  ARGUMENT ................................................................................................................... 5

    A.   The Northern District Is an Appropriate Venue for This Dispute. ........................ 5

    B.   There Is No Bona Fide Relationship Between Delaware and ACI......................... 5

    C.   The Private Factors Overwhelmingly Favor Transfer. .......................................... 6

        1.   Sequent's Choice of Forum Is Entitled to Little, If Any, Weight.............. 6

        2.   ACI's Preference Is Its Home District...................................................... 8

        3.   The Operative Events Occurred in the Northern District. ......................... 8

        4.   The Convenience of the Parties Favors the Northern District. .................. 9

        5.   The Northern District Is More Convenient for All Witnesses................. 11

        6.   The Physical Evidence Is Centered in the Northern District. .................. 12

    D.   The Public Factors Either Favor Transfer or are Neutral. ................................... 13

        1.   A Judgment from Either Court Would Be Equally Enforceable. ............. 13

        2.   Practical Considerations Favor Transfer.................................................. 13

        3.   Relative Court Congestion Is Probably Not a Factor............................... 14

        4.   The Locus of the Dispute Is the Northern District.................................. 14

        5.   Public Policy Favors Transfer to the Northern District. ......................... 15

        6.   There Are No Known State Law Issues.................................................... 16

VII. CONCLUSION............................................................................................................... 16

# TABLE OF AUTHORITIES

**Cases**

*ADE Corp. v. KLA-Tencor Corp.*,
    138 F. Supp. 2d 565 (D. Del. 2001) ................................................................................10

*Belden Techs., Inc. v. LS Corp.*,
    829 F. Supp. 2d 260 (D. Del. 2010) ................................................................................6

*Biodex Corp. v. Loredan Biomedical*,
    946 F.2d 850 (Fed. Cir. 1991) ........................................................................................4

*Brandywine Communs. Techs., LLC v. Cisco Sys., Inc.*,
    No. 6:11-cv-1843-Orl-36DAB, 2012 U.S. Dist. LEXIS 68317
    (M.D. Fla. Mar. 26, 2012) ............................................................................................15

*Carden v. Arkoma Assoc.*,
    494 U.S. 185 (1990) ........................................................................................................7

*Cellectis S.A. v. Precision Biosciences, Inc.*,
    858 F. Supp. 2d 376 (D. Del. 2012) ..............................................................................15

*Cooper v. Goldfarb*,
    154 F.3d 1321 (Fed. Cir. 1998) ....................................................................................12

*Falana v. Kent State Univ.*,
    669 F.3d 1349 (Fed. Cir. 2012) ....................................................................................12

*FastVDO LLC v. Paramount Pictures Corp.*,
    947 F. Supp. 2d 460 (D. Del. 2013) ..............................................................................11

*Fortinet, Inc. v. FireEye, Inc.*,
    944 F. Supp. 2d 352, (D. Del. 2013) ...................................................................... passim

*Helicos Biosciences Corp. v. Illumina, Inc.*,
    No. 10-735-SLR, 2012 U.S. Dist. LEXIS 61867 (D. Del., May 3, 2012) ..........................4

*Hertz Corp. v. Friend*,
    130 S. Ct. 1181 (2010) ....................................................................................................7

*Human Genome Scis., Inc. v. Genentech, Inc.*,
    No. 11-082-LPS, 2011 U.S. Dist. LEXIS 77740 (D. Del., Jul. 18, 2011) ...............5, 10, 16

*In re Altera Corp.*,
    No. 121, 494 Fed. Appx. 52 (Fed. Cir. Jul. 20, 2012) ................................................10, 11

*In re Amendt,*
    No. 05-2458, 169 Fed. Appx. 93 (3d Cir. Feb. 16, 2006)............................................10, 11

*In re Bear Creek Techs., Inc. Patent Lit.,*
    858 F. Supp. 2d 1375 (J.P.M.L. 2012).................................................................................16

*In re EMC Corp.,*
    677 F.3d 1351 (Fed. Cir. 2012)...........................................................................................16

*In re Genentech,*
    566 F.3d 1338 (Fed. Cir. 2009)...........................................................................................12

*In re Hoffmann-La Roche Inc.,*
    587 F.3d 1333, 1338 (Fed. Cir. 2009).................................................................................15

*In re Link_A_Media Devices Corp.,*
    662 F.3d 1221, 1224 (Fed. Cir. 2011).................................................................................15

*In re Microsoft,*
    630 F.3d 1361 (Fed. Cir. 2011).............................................................................................7

*In re TS Tech USA Corp.,*
    551 F.3d 1315 (Fed. Cir. 2008)...........................................................................................16

*IpVenture, Inc. v. Acer, Inc.,*
    879 F. Supp. 2d 426 (D. Del. 2012)...............................................................................12, 15

*Joy Tech's v. Flakt, Inc.,*
    6 F.3d 770 (Fed. Cir. 1993)...................................................................................................9

*Jumara v. State Farm Ins. Co.,*
    55 F.3d 873 (3d Cir. 1995)......................................................................................... passim

*Lexecon, Inc. v. Milberg Weiss,*
    523 U.S. 26 (1998)...............................................................................................................16

*Mallinckrodt Inc. v. E-Z-Em, Inc.,*
    670 F. Supp. 2d 349 (D. Del. 2009).....................................................................................10

*Medicis Pharm. Corp. v. Nycomed US Inc.,*
    2011 U.S. Dist. LEXIS 63806 (D. Del. June 16, 2011).........................................................5

*Microsoft Corp. v. Geotag Inc.,*
    No. 11-175-RGA, 2012 U.S. Dist. LEXIS 4284 (D. Del., Jan. 13, 2012)....................8, 11

*MoneyCat Ltd. v. PayPal Inc.*,
        2014 U.S. Dist. LEXIS 66837 (D. Del. May 15, 2014).......................................................8

*Netgear, Inc. v. Ruckus Wireless, Inc.*,
        No. 10-999-SLR, 2011 U.S. Dist. LEXIS 82442 (D. Del., Jul. 28, 2011) ...............4, 5, 16

*Panduit Corp. v. All States Plastic Mfg. Co., Inc.*,
        744 F.2d 1564 (Fed. Cir. 1984).......................................................................................4

*Phillips v. AWH Corp.*,
        415 F.3d 1303 (Fed. Cir. 2005).......................................................................................12

*Quantum Loyalty Sys. v. TPG Rewards, Inc.*,
        2009 U.S. Dist. LEXIS 27959 (D. Del. Apr. 2, 2009) ......................................................5

*Shamrock Holdings of California, Inc. v. Arenson*,
        No. 04-1339-SLR, 2005 U.S. Dist. LEXIS 2509 (D. Del., Jan. 27, 2005).........................7

*Stephenson v. Game Show Network, LLC*,
        933 F. Supp. 2d 674 (D. Del. 2013)................................................................................14

*Symantec Corp. v. Computer Assocs. Int'l, Inc.*,
        522 F.3d 1279 (Fed. Cir. 2008).......................................................................................12

*Trustco Bank v. Automated Transactions LLC*,
        933 F. Supp. 2d 668 (D. Del. 2013)................................................................................13

*Wacoh Co. v. Kionix Inc.*,
        No. 10-617-RGA, 2012 U.S. Dist. LEXIS 2166 (D. Del., Jan. 9, 2012).........................13

*Wang Lab., Inc. v. Toshiba Corp.*,
        993 F.2d 858 (Fed. Cir. 1993).......................................................................................12

*Zazzali v. Swenson*,
        852 F. Supp. 2d 438 (D. Del. 2012)................................................................................14

**Statutes**

28 U.S.C. § 1332(c)(1).............................................................................................................7

28 U.S.C. § 1391(c)(2).............................................................................................................7

28 U.S.C. § 1404(a) .......................................................................................................4, 5, 16

28 U.S.C. § 1407(a)................................................................................................................16

35 U.S.C. § 271(a)...................................................................................................................8

35 U.S.C. § 299........................................................................................................................4

The Patent Cases Pilot Program, Pub. L. No. 111-349, 124 Stat. 3674 ...........................................4

## I.    INTRODUCTION

This case does not belong in Delaware.  ASUS Computer International ("ACI") is a California corporation with its principal place of business in the Northern District of California. ACI is responsible for, and manages all, U.S. sales, marketing, distribution, and service related to ASUS-branded products from its Northern California headquarters.  All of ACI's documents relating to the sale and importation of the accused products, as well as any written advertisements, instruction manuals, or other materials allegedly inducing infringement of the patents-in-suit, are located outside Delaware, primarily at ACI's Northern California headquarters.  All ACI employees with substantial knowledge of these matters work at those headquarters and reside in that area as well.  There are no known witnesses who reside in Delaware.  There are five known third party witnesses: the four inventors, who reside in Colorado, and the prosecutor of the patents-in-suit, who lives in Southern California.  The only connection between this case and Delaware is that Sequent Data LLC ("Sequent"), which claims a principal place of business in a vacant building in Wilmington, was formed under Delaware law in preparation for litigation, less than a month before obtaining ownership of the patents-in-suit.  That flimsy thread is insufficient to tie this case to this Court.  Sequent's claims against ACI should be transferred to the Northern District of California, where the dispute arose and most evidence is located.

## II.    PROCEDURAL BACKGROUND

On July 1, 2014, Sequent filed suit against ACI and its Taiwanese parent, ASUSTeK Computer Inc. ("ASUSTeK"), alleging infringement of U.S. Patent Nos. 7,051,054 ("the '054 Patent") and 6,738,333 ("the '333 patent").  D.I. 1.  On October 20, 2014, ASUSTeK and ACI answered Sequent's complaint.  D.I. 9.  Sequent served its Initial Disclosures on November 20,

2014.  Declaration of Esha Bandyopadhyay ("Bandyopadhyay Decl."), ¶ 2, Ex. A.  On December 30, 2014, Sequent and ASUSTeK filed a stipulation dismissing without prejudice all claims against ASUSTeK in this case (D.I. 19), leaving ACI as the sole defendant.

## III.   SUMMARY OF THE ARGUMENT

The private and public interest factors weigh overwhelmingly in favor of transferring Sequent's claims against ACI to the Northern District of California.  ACI is a California corporation that resides in the Northern District and has no corporate presence in Delaware.  Any alleged acts of infringement and/or inducement therefore occurred in the Northern District, not in Delaware.  Any relevant documents in ACI's possession are similarly in the Northern District, not in Delaware.  No known third party witness is located in or near Delaware.

While Sequent claims to maintain a principal place of business in Delaware, its address is a known vacant property.  And, Sequent's only business appears to be litigation.  Having been formed less than a month before it purportedly obtained title to the patents-in-suit, its existence appears ephemeral and litigation-driven.  On the very day it obtained ownership, Sequent sent correspondence to ACI in preparation for litigation.  The only factor favoring Delaware – Sequent's choice of this district – should be disregarded in light of Sequent's conduct.  But even if taken into consideration, this factor is far outweighed by the other factors, all of which either strongly weigh in favor of transfer or are neutral.

## IV.   FACTUAL BACKGROUND

### A.   Defendant ASUS Computer International

ACI was incorporated under the laws of the State of California in 1994, and since 2008, has been headquartered in Fremont, California.  Decl. of Godwin Yan ("Yan Decl."), ¶ 2.  ACI is a subsidiary of Taiwanese corporation ASUSTeK, and its sole corporate representative in the

U.S. *Id.*, ¶ 3. ACI is responsible for all U.S. sales, marketing, distribution, and service related to ASUS-branded products. *Id.*, ¶ 4. ACI manages all importation, sales, marketing, customer service, returns, and repairs from its headquarters in the Northern District of California. *Id.*

ACI does not have any corporate presence in the state of Delaware; all of ACI's activities related to the sale and importation of the accused products have occurred outside Delaware, primarily at its Northern District of California headquarters. *Id.* ACI currently employs approximately 325 people at its headquarters, including all of its management team. *Id.*, ¶ 5. ACI's employees with substantial knowledge of those activities all work at ACI's headquarters and reside in the Northern District. *Id.* All relevant documents in ACI's possession, including any technical documentation, importation records, sales and accounting information, and corporate communications, are stored and/or archived at ACI's headquarters as well. *Id.*, ¶ 6. ACI keeps its financial information in enterprise resource planning databases that cannot practicably be copied and produced. *Id.* Due to the complexity of the databases and the sensitivity of ACI's financial information, there is no way to copy this database and produce it in a useable format, and it is not feasible to run reports that export all the data it contains. *Id.* In similar patent cases, ACI has offered opposing parties the opportunity to inspect and run reports from this database, and to inspect other documents, at ACI's Northern California headquarters.

**B.      Plaintiff Sequent Data LLC**

Sequent is a limited liability company formed under Delaware law on May 13, 2014. Bandyopadhyay Decl., ¶ 3, Ex. B. Sequent alleges that it has a "place of business at 845 Tatnall Street, Wilmington, DE 19801." D.I. 1, ¶ 2. As of August 20, 2014 – well after this case was filed – that address had been listed for years as a vacant property in the City of Wilmington Vacant Property List. Bandyopadhyay Decl., ¶ 4, Ex. C. In its Initial Disclosures, Sequent does

not list any employees in Delaware as having knowledge of the issues pertaining to this case.

*Id.*, ¶ 2, Ex. A.  On June 6, 2014, Sequent purportedly received ownership of the patents-in-suit.

*Id.*, ¶ 5, 6, Exs. D, E.  According to Sequent's own admissions, also on June 6, 2014, it sent

correspondence to ASUSTeK and ACI for purposes of giving notice of the patents-in-suit.  D.I.

1, ¶¶ 13, 22.

## V.    LEGAL STANDARDS

"For the convenience of parties and witnesses, in the interest of justice, a district court

may transfer any civil action to any other district or division where it might have been brought."

28 U.S.C. § 1404(a).  "Motions for transfer generally will not be granted unless: (1) there is no

*bona fide* relationship between Delaware and the defendant; (2) there is a related first-filed case

in another district; or (3) the defendant is truly a regional enterprise."  *Netgear, Inc. v. Ruckus

Wireless, Inc.*, No. 10-999-SLR, 2011 U.S. Dist. LEXIS 82442, at *8 (D. Del., Jul. 28, 2011)

(internal citations omitted).  In considering the convenience of the parties, this Court analyzes the

private and public factors enumerated by the Third Circuit[1]:

---

[1] The instant motion assumes, *arguendo*, that venue is among the "procedural matters that do not
pertain to patent issues," and are therefore determined "in accordance with the applicable
regional circuit law."  *Panduit Corp. v. All States Plastic Mfg. Co., Inc.*, 744 F.2d 1564, 1575
(Fed. Cir. 1984).  However, recent actions by Congress and the Federal Circuit suggest that
patent venue is a "procedural issue [that] may be 'related' to 'substantive matters unique to the
Federal Circuit' and thus committed to [Federal Circuit] law."  *Biodex Corp. v. Loredan
Biomedical*, 946 F.2d 850, 855-56 (Fed. Cir. 1991).  The Patent Cases Pilot Program, Pub. L. No.
111-349, 124 Stat. 3674, altered the law of venue in patent cases and treats it distinctly from that
in all other federal causes of action.  *See Helicos Biosciences Corp. v. Illumina, Inc.*, No. 10-735-
SLR, 2012 U.S. Dist. LEXIS 61867, at *12-13 (D. Del., May 3, 2012).  And the adoption of 35
U.S.C. § 299 has subjected joinder of defendants in patent cases to standards unique to patent
law.  Because the joinder rules may affect venue in multiple cases involving the same patents, it
may be impossible to consider venue for patent cases solely in light of local circuit law.

> The Third Circuit has indicated that the analysis for transfer is very broad.
> *Jumara v. State Farm Ins. Co.*, 55 F.3d 873,879 (1995). Although emphasizing that
> "there is no definitive formula or list of factors to consider," *Id.*, the Third Circuit has
> identified potential factors it characterized as either private or public interests.

*Medicis Pharm. Corp. v. Nycomed US Inc.*, 2011 U.S. Dist. LEXIS 63806, *5-6 (D. Del. June

16, 2011) (citing *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995)); *see also*

*Fortinet, Inc. v. FireEye, Inc.*, 944 F. Supp. 2d 352, 354-5 (D. Del. 2013) (citing *Jumara v. State*

*Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995)).

## VI.   ARGUMENT

The private and public interest factors overwhelmingly favor transfer of Sequent's claims

against ACI to the Northern District of California.

### A.   The Northern District Is an Appropriate Venue for This Dispute.

In deciding if transfer is appropriate, the Court must first determine whether this action

could have been brought in the proposed transferee venue.  28 U.S.C. 1404(a).  A patent case

may be brought in any court that has personal jurisdiction over an alleged infringer.  *See, e.g.*,

*Human Genome Scis., Inc. v. Genentech, Inc.*, No. 11-082-LPS, 2011 U.S. Dist. LEXIS 77740,

at *10-11 (D. Del., Jul. 18, 2011).  Because ACI is a California corporation residing in the

Northern District, this suit could have been brought there.

### B.   There Is No Bona Fide Relationship Between Delaware and ACI.

This court has held that motions for transfer may be granted if "there is no *bona fide*

relationship between Delaware and the defendant." *Netgear, Inc. v. Ruckus Wireless, Inc.*, No.

10-999-SLR, 2011 U.S. Dist. LEXIS 82442, at *8 (D. Del., Jul. 28, 2011) (internal citations

omitted).  This court generally finds there *is* a *bona fide* relationship between Delaware and a

defendant when that defendant is a Delaware corporation.  *See, e.g., Id.; Quantum Loyalty Sys. v.*

*TPG Rewards, Inc.,* 2009 U.S. Dist. LEXIS 27959, at *5-6 (D. Del. Apr. 2, 2009).  However,

when a corporation is not incorporated in Delaware and conducts businesses outside of Delaware, there *is no bona fide* relationship with Delaware. *See, e.g., Belden Techs., Inc. v. LS Corp.,* 829 F. Supp. 2d 260, 272 (D. Del. 2010) (finding that "[t]here is no *bona fide* relationship between Delaware and defendants [where] LS America is a New Jersey corporation with its headquarters in New Jersey. The only sales of accused infringing category 6 cable occurred through Viking, a New Jersey distributor, which operates a warehouse in Jackson, New Jersey where it stores LS America's products.").

Here, there is no *bona fide* relationship between Delaware and ACI.  As in *Belden*, ACI is not a Delaware corporation.  Yan Decl., ¶ 2.  ACI is incorporated in Northern California with its headquarters in Northern California.  *Id.*  Also like *Belden*, any alleged sales of the accused products would have been conducted through ACI, a Northern California company which operates in Northern California.  Yan Decl., ¶ 4.  Since there is no connection between ACI and Delaware, there is no *bona fide* relationship.

### C.     The Private Factors Overwhelmingly Favor Transfer.

#### 1.     *Sequent's Choice of Forum Is Entitled to Little, If Any, Weight.*

The first *Jumara* factor is the plaintiff's choice of forum.  *Fortinet, Inc. v. FireEye, Inc.*, 944 F. Supp. 2d at 354-5.  Here, however, Sequent has attempted to manipulate venue and has misrepresented the location of its principal place of business.  The Court should therefore disregard Sequent's preference entirely.

Sequent is a limited liability company formed under Delaware law on May 13, 2014. Bandyopadhyay Decl., ¶ 3, Ex. B.  Sequent alleges that it has a "place of business at 845 Tatnall Street, Wilmington, DE 19801."  D.I. 1, ¶ 2.  However, as of August 20, 2014, that address had been listed as a vacant property in the City of Wilmington Vacant Property List since February

of 2007.  Bandyopadhyay Decl., ¶ 4, Ex. C.  The claim that a vacant building is Sequent's

"principal place of business" under 28 U.S.C. § 1391(c)(2) strains credulity and the law.[2]  The

Supreme Court has held that "the phrase 'principal place of business' refers to the place where

the corporation's high level officers direct, control, and coordinate the corporation's activities."

*Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1186 (2010) (diversity jurisdiction).  But there is simply

no relevant business function that Sequent's members or officers might conduct in a vacant

building.  Likewise, in its Initial Disclosures, served on November 20, 2014, Sequent did not

identify even a single employee who is located in its alleged principal place of business.

Bandyopadhyay Decl., ¶ 2, Ex. A.

The sole apparent tie between Sequent and Delaware is Sequent's decision to form under

Delaware law less than a month before it purportedly obtained title to the patents-in-suit.  That

Sequent sent correspondence to ASUSTeK and ACI, making them aware of the patents-in-suit,

on the very day Sequent obtained title (*see* Bandyopadhyay Decl., ¶ 5, 6, Ex. D, E; D.I. 1, ¶¶ 13,

22) indicates that Sequent's formation was merely litigation-driven.  This is insufficient to

support its choice of forum.  The Federal Circuit has described similar circumstances

surrounding incorporation as "recent, ephemeral, and a construct for litigation [that] appeared to

exist for no other purpose than to manipulate venue," and has refused to "honor [those]

connections to a preferred forum made in anticipation of litigation and for the likely purpose of

making that forum appear convenient."  *In re Microsoft*, 630 F.3d 1361, 1365, 1364 (Fed. Cir.

---

[2] Notably, the judicial district in which an LLC was formed has no bearing on residency under section 1391(c)(2).  *Compare, e.g.*, 28 U.S.C. 1332(c)(1) ("a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business"); *accord, e.g.*, *Shamrock Holdings of California, Inc. v. Arenson*, No. 04-1339-SLR, 2005 U.S. Dist. LEXIS 2509, at *11 (D. Del., Jan. 27, 2005) (LLC's state of formation not relevant to diversity jurisdiction) (citing *Carden v. Arkoma Assoc.*, 494 U.S. 185, 197 (1990)).

2011).  "The Supreme Court has long urged courts to ensure that the purposes of jurisdictional

and venue laws are not frustrated by a party's attempt at manipulation."  *Id.* at 1364.  In light of

Sequent's attempt to manipulate venue and misrepresent its principal place of business, the Court

should disregard its choice to file suit in this district, and this factor should not weigh against

transfer.

### 2.      *ACI's Preference Is Its Home District.*

The second *Jumara* factor is "the defendant's preference" for venue.  *Fortinet, Inc. v.

FireEye, Inc.*, 944 F. Supp. 2d at 354-5.  Sequent admits that ACI is a California corporation

domiciled in the Northern District of California.  D.I. 1, ¶ 3.  ACI has brought this motion

because it prefers the Northern District.  That preference deserves greater weight than Sequent's

preference because ACI's connection to California is as genuine as Sequent's connection to

Delaware is litigation-driven.

### 3.      *The Operative Events Occurred in the Northern District.*

The third *Jumara* factor is "whether the claim arose elsewhere."  *Fortinet, Inc. v.

FireEye, Inc.*, 944 F. Supp. 2d at 354-5.  In patent cases, claims arise where the defendant

committed an allegedly infringing act.  *See* 35 U.S.C. § 271(a) (direct infringement); *MoneyCat

Ltd. v. PayPal Inc.*, 2014 U.S. Dist. LEXIS 66837, at *14 (D. Del. May 15, 2014) (holding that

although "[Defendant's] services exist across the United States, including in Delaware[,

Defendant] has also alleged, without challenge [], that 'most of the decisions regarding overall

design, marketing, and development of the [infringing services] are made in or near San Jose,

California.'  []  This factor, then, weighs in favor of transfer.").[3]

---

[3] *See also Microsoft Corp. v. Geotag Inc.*, No. 11-175-RGA, 2012 U.S. Dist. LEXIS 4284, at *6
(D. Del., Jan. 13, 2012) ("If I had to choose a specific location where the claims arise, I think it

Here, Sequent has asserted that ACI infringes "claims 8, 9 and 12 of U.S. Patent No. 6,738,333 and claim 1 of U.S. Patent No. 7,051,054." Bandyopadhyay Decl. ¶ 11, Ex. J at p.2. These claims are all method claims. D.I. 1, Ex. A ('054 Patent), Ex. B ('333 Patent). This means that Sequent may accuse ACI of infringing the patents-in-suit directly by using the claimed methods, or indirectly by inducing or contributing to infringement by downstream users. ACI cannot, as a matter of law, infringe the patents-in-suit merely by selling the accused products. *See Joy Tech's v. Flakt, Inc.*, 6 F.3d 770, 774-75 (Fed. Cir. 1993) ("a method claim is not directly infringed by the sale of an apparatus even though it is capable of performing only the patented method. The sale of the apparatus is not a sale of the method. A method claim is directly infringed only by one practicing the patented method").

ACI manages all of its activities – including importation, sales, marketing, customer service, returns, and repairs – from its headquarters in the Northern District of California. *See* Yan Decl., ¶ 4. Because ACI has no employees or other presence in Delaware, it cannot, as a matter of law, have directly infringed any asserted claim by practicing any claimed method in Delaware. *Id.* To the extent that Sequent alleges that ACI has induced or contributed to downstream users' infringement, those alleged acts would have occurred where ACI and its employees and agents reside and act – Northern California – and any relevant knowledge required to find indirect liability would have been formed and would exist there as well. This factor therefore weighs in favor of transfer.

### 4. *The Convenience of the Parties Favors the Northern District.*

The fourth *Jumara* factor is "the convenience of the parties as indicated by their relative physical and financial condition." *Fortinet, Inc. v. FireEye, Inc.*, 944 F. Supp. 2d at 354-5. In

---

would be better understood as being … where the [accused infringers] create and sell" the accused functionality.").

analyzing this prong, the Third Circuit considers the physical location of the parties and the documents in relation to the proposed venue.  *See, e.g., In re Amendt,* No. 05-2458, 169 Fed. Appx. 93, 97 (3d Cir. Feb. 16, 2006).  This has been confirmed by the Federal Circuit when applying Third Circuit law in the context of transfer analysis.  *In re Altera Corp.*, No. 121, 494 Fed. Appx. 52, 54 (Fed. Cir. Jul. 20, 2012) (noting that the court must consider "the fact that transfer would . . . move trial to where the accused products were developed.").

ACI does not have a corporate presence in the state of Delaware; it is a California corporation headquartered in the proposed transferee district, the Northern District of California. *See* Yan Decl., ¶¶ 2, 4.  All of ACI's relevant activity occurred at its Northern California headquarters, where its entire management team, including any employees with relevant information, is located.  *Id.*, ¶¶ 4-6.  This District has held that "when a corporation chooses to incorporate in Delaware and accept the benefits of incorporating in Delaware, it cannot complain once another corporation brings suit against it in Delaware."  *Mallinckrodt Inc. v. E-Z-Em, Inc.,* 670 F. Supp. 2d 349, 357 (D. Del. 2009) (quoted in *Human Genome Scis.*, 2011 U.S. Dist. LEXIS 77740, at *22).  As ACI has chosen *not* to incorporate here, however, and has foregone the attendant benefits, it has not agreed "to submit itself to [Delaware] jurisdiction [] for the purposes of resolving this type of commercial dispute."  *ADE Corp. v. KLA-Tencor Corp.*, 138 F. Supp. 2d 565, 572 (D. Del. 2001); *accord*, *e.g.*, *Human Genome Scis.*, 2011 U.S. Dist. LEXIS 77740, at *22-23.

Sequent appears to be a non-practicing patent-holder engaged primarily or exclusively in litigation, or licensing under threat of litigation.  As stated above, Sequent has not identified even a single employee at its alleged Delaware location who is likely to have information relevant to this lawsuit.  Bandyopadhyay Decl., ¶ 2, Ex. A.  "There is no evidence that when it comes to

litigation, [a non-practicing entity] is on anything other than an equal footing with the" accused

infringer. *Microsoft v. Geotag*, 2012 U.S. Dist. LEXIS 4284, at *6-7. Moreover, whether

Sequent even has an actual physical presence in Delaware is questionable at best, since its

alleged place of business is merely a vacant building. *Id.*, ¶ 4, Ex. C. Accordingly, party

convenience weighs overwhelmingly in favor of transfer.

### 5.   The Northern District Is More Convenient for All Witnesses.

The fifth *Jumara* factor is "convenience of the witnesses — but only to the extent [they]

may actually be unavailable for trial in one of the fora." *Fortinet, Inc. v. FireEye, Inc.*, 944 F.

Supp. 2d at 354-5. Here also, the Third Circuit considers the physical location of the witnesses

in relation to the proposed venue. *See, e.g., In re Amendt,* 169 Fed. Appx. at 97 (analyzing the

location of the witnesses). The Federal Circuit has reiterated this approach when applying Third

Circuit law. *In re Altera Corp.*, 494 Fed. Appx. at 54 (noting that the court must consider "the

fact that transfer would significantly minimize the travel and cost to the identified witnesses and

move trial to where the accused products were developed."). *But cf. FastVDO LLC v.

Paramount Pictures Corp.*, 947 F. Supp. 2d 460, 463 (D. Del. 2013) ("[T]his factor is only given

weight when there is some reason to believe that a witness actually will refuse to testify absent a

subpoena.").

In its Initial Disclosures, Sequent has identified five third party witnesses, none of whom

are located in, or even near, this district. Bandyopadhyay Decl., ¶ 2, Ex. A. For each of those

witnesses, the Northern District of California is a more convenient forum. Specifically, the

prosecuting attorney of the patents-in-suit, Jonathan Hallman, acknowledged by Sequent as

having information relating to the invention, prosecution, ownership, and assignment of the

patents-in-suit, resides in Southern California. There can be no doubt that Mr. Hallman will find

it more convenient to travel to Northern California than to Delaware.  Additionally, inventor testimony is often critical for issues surrounding validity, including whether the proper inventors are named, conception and reduction to practice, compliance with the written description requirement, and even construction of the claims themselves.[4]  Here, all four named inventors reside in the state of Colorado and are therefore outside the subpoena power of this district and the Northern District of California.  *See id.* at 4.  However, proximity and ease of travel to San Francisco (*see* Bandyopadhyay Decl., ¶¶ 7, 8, Exs. F, G) suggests that travel to the Northern District is far more convenient than travel to Delaware.

### 6.    *The Physical Evidence Is Centered in the Northern District.*

The sixth *Jumara* factor is "the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum)."  *Fortinet, Inc. v. FireEye, Inc.*, 944 F. Supp. 2d at 354-5.  "In patent cases, the bulk of the relevant evidence usually comes from the accused infringer.  Consequently, the place where the defendant's documents are kept weighs in favor of transfer to that location."  *In re Genentech*, 566 F.3d 1338, 1345 (Fed. Cir. 2009) (applying 5th Cir. law; citing 2d Cir. precedent); *accord, e.g.*, *IpVenture, Inc. v. Acer, Inc.*, 879 F. Supp. 2d 426, 432 (D. Del. 2012) (citing same and transferring case against defendant ACI to N.D. Cal.).

All of ACI's documents relevant to this case, including any technical documentation, importation records, sales and accounting information, and corporate communications, are stored and/or accessible from ACI's Northern California headquarters.  Yan Decl., ¶ 6.  In analyzing

---

[4] *See, e.g.*, *Wang Lab., Inc. v. Toshiba Corp.*, 993 F.2d 858, 866 (Fed. Cir. 1993) (written description); *Phillips v. AWH Corp.*, 415 F.3d 1303, 1317 (Fed. Cir. 2005) (*en banc*) (claim construction); *Cooper v. Goldfarb*, 154 F.3d 1321, 1330 (Fed. Cir. 1998) (reduction to practice); *Symantec Corp. v. Computer Assocs. Int'l, Inc.*, 522 F.3d 1279, 1295 (Fed. Cir. 2008) (conception); *Falana v. Kent State Univ.*, 669 F.3d 1349, 1359 (Fed. Cir. 2012) (proper inventorship).

this *Jumara* factor, this Court has held that the electronic availability of documents typically

weighs against defendants. *See Trustco Bank v. Automated Transactions LLC*, 933 F. Supp. 2d

668, 673 (D. Del. 2013). However, even assuming that most documentary evidence in this case

may be amenable to transport for production, there is at least one significant exception. ACI

keeps its financial information in an enterprise resource planning database that cannot

practicably be copied and produced. Yan Decl., ¶ 6. Due to the complexity of the database and

the sensitivity of ACI's financial information, there is no way to simply copy this database and

produce it to opposing counsel in a usable format, and it is not feasible to run reports that export

all the data it contains. *Id*. ACI may produce its financial evidence by making its databases

available for inspection at its Northern California headquarters, as it has done in the past. Since

the relevant evidence is entirely outside this district, and at least some of it is not reasonably

transportable to this district, the location of the evidence favors transfer.

### D.     The Public Factors Either Favor Transfer or are Neutral.

#### 1.     *A Judgment from Either Court Would Be Equally Enforceable.*

Both the instant Court and the proposed transferee court are United States District Courts.

A judgment from either would therefore be equally enforceable.

#### 2.     *Practical Considerations Favor Transfer.*

Practical considerations favor transfer. First, that a moving defendant's "records might

have to be viewed on location due to software and secrecy considerations" is a practical

consideration that weighs in favor of transfer. *Wacoh Co. v. Kionix Inc.*, Civ. No. 10-617-RGA,

2012 U.S. Dist. LEXIS 2166, at *14 (D. Del., Jan. 9, 2012). Here, as noted *supra* at VI.B.6,

ACI's financial information cannot be simply copied and produced.

Second, this Court has recognized that this factor weighs in favor of transfer if "trial in the [transferee venue] would be easier and less expensive for defendants and would not seemingly impose a greater burden on plaintiff." *Stephenson v. Game Show Network, LLC*, 933 F. Supp. 2d 674, 680 (D. Del. 2013). ACI's relevant documents are located in Northern California. Yan Decl., ¶6. On the other hand, Sequent seems to be a non-practicing entity with no employees or relevant documents. Thus, trial in the Northern District of California would be easier and less expensive for ACI and impose no greater burden on plaintiff.

### 3. Relative Court Congestion Is Probably Not a Factor.

As of December 1, 2014, the Northern District of California had only 300 active patent cases, while the District of Delaware had 1284. *See* Bandyopadhyay Decl., ¶ 9, 10, Exs. H, I. Although this is an imprecise measure of congestion, and does not account for the demands of other cases on a court's docket, ACI notes that the Northern District distributes its cases among fourteen district judges, eight senior district judges, and close to a dozen magistrate judges, while this district has only five district judges and three magistrate judges to share the burden.

### 4. The Locus of the Dispute Is the Northern District.

This District has noted that "Delaware is usually found to have an interest when a lawsuit is brought against or by its citizens." *Zazzali v. Swenson*, 852 F. Supp. 2d 438, 452 (D. Del. 2012). But even when the defendant allegedly injures Delaware residents, if the alleged actions were "perpetrated out of the [transferee venue] by persons having no direct connections to Delaware," the transferee venue is more fairly considered the locus of the dispute. *Id*. As the Federal Circuit has held, "[w]hile the sale of an accused product offered nationwide does not give rise to a substantial interest in any single venue, if there are significant connections between a particular venue and the events that gave rise to a suit, this factor should be weighed in that

venue's favor." *In re Hoffmann-La Roche Inc.*, 587 F.3d 1333, 1338 (Fed. Cir. 2009); *see also*

*In re Link_A_Media Devices Corp.*, 662 F.3d 1221, 1224 (Fed. Cir. 2011) (suggesting that, in

considering the *Jumara* factors for patent cases, one consideration is whether the "forum has []

ties to the dispute or to either party"). *But cf. Cellectis S.A. v. Precision Biosciences, Inc.*, 858 F.

Supp. 2d 376, 384 n.7 (D. Del. 2012) ("patent litigation does not constitute a local controversy in

most cases"). Here, Delaware has no relevant connection to the events that gave rise to this suit.

The Northern District, by contrast, is the locus of the relevant events.

### 5. *Public Policy Favors Transfer to the Northern District.*

Sequent will no doubt complain that this is but one of four cases remaining in this district

in which it asserts the patents-in-suit.[5]   However, this district has previously transferred patent

cases against ACI, notwithstanding that "concurrent litigation on the same patents on similar

technology" was pending in this district, because – as here – the Court had not yet obtained any

"particular knowledge of the patents or the technology," even though such knowledge would

"likely be gain[ed] in the near future." *IpVenture*, 879 F. Supp. 2d at 433-34.  And at least the

Middle District of Florida has repeatedly rejected this argument as "largely foreclosed by the

America Invents Act. 35 U.S.C. § 299(b)."[6]  With respect to judicial efficiency, the Federal

Circuit has noted that when related cases should proceed in separate venues, "[c]ommon pretrial

---

[5] The other three "live" cases are against Memorex Products, Inc., *et al* (No. 1:14-cv-00858),
Pioneer Electronics (USA), Inc., *et al* (No. 1:14-cv-00860), and Toshiba Samsung Storage
Technology Korea Corporation, *et al* (No. 1:14-cv-00863).  Sequent has either dismissed or
agreed to stay pending finalization of settlement agreements the six other cases.

[6] "Plaintiff's argument that the other cases should be taken into account represents an
'end-run' avoidance of the procedures required by the Multidistrict Litigation ('MDL')
statute, and is contrary to the spirit of the America Invents Act (AIA)….  The Court
agrees that … efficiency concerns regarding its other patent infringement action would be
more appropriately addressed under the MDL statute…."  *Brandywine Communs. Techs.,
LLC v. Cisco Sys., Inc.*, No. 6:11-cv-1843-Orl-36DAB, 2012 U.S. Dist. LEXIS 68317,
14-15 (M.D. Fla. Mar. 26, 2012) (footnotes and internal citations omitted).

issues of claim construction and patent invalidity may be adjudicated together through the multidistrict litigation procedures of 28 U.S.C. § 1407." *In re EMC Corp.*, 677 F.3d 1351, 1360 (Fed. Cir. 2012).  Upon transfer of this case to the Northern District, if appropriate, the MDL Panel can order the related cases transferred and coordinated "for the convenience of parties and witnesses and [to] promote [] just and efficient conduct."  28 U.S.C. § 1407(a); *accord In re Bear Creek Techs., Inc. Patent Lit.*, 858 F. Supp. 2d 1375, 1378 (J.P.M.L. 2012) (quoting same). Upon conclusion of the pretrial proceedings, the Panel would be obligated to "'remand any pending case to its originating court.'"  858 F. Supp. 2d at 1378 (quoting *Lexecon, Inc. v. Milberg Weiss*, 523 U.S. 26, 34 (1998)).  To the extent that transferring Sequent's claims against ACI to the Northern District, but retaining others in this Court, may create inefficiencies, such inefficiencies can be ameliorated or eliminated by use of the MDL process, or by stipulation to transfer those cases to the Northern District, as explicitly provided by section 1404(a).

### 6.     There Are No Known State Law Issues.

"[B]oth [courts are] capable of applying patent law to infringement claims."  *In re TS Tech USA Corp.*, 551 F.3d 1315, 1320 (Fed. Cir. 2008); *accord Human Genome Scis.*, 2011 U.S. Dist. LEXIS 77740 at *33 (quoting same).  This factor is therefore neutral.

## VII.   CONCLUSION

"Motions for transfer generally will not be granted unless: (1) there is no *bona fide* relationship between Delaware and the defendant . . . ."  *Netgear*, No. 10-999-SLR, 2011 U.S. Dist. LEXIS 82442, at *8 (D. Del., Jul. 28, 2011) (internal citations omitted).  Here, there is no *bona fide* relationship between Delaware and ACI.  Additionally, since all relevant convenience factors either weigh in favor of transfer or are neutral, ACI has overcome the presumption in

favor of not disturbing Plaintiff's choice of forum.  Accordingly, ACI respectfully requests that

this Court transfer any and all claims against ACI to the Northern District of California.

Dated: January 5, 2015

*Of Counsel:*

Joshua M. Masur
Karen I. Boyd
Esha Bandyopadhyay
Robert J. Kent
Zhuanjia Gu
TURNER BOYD LLP
702 Marshall Street, Suite 640
Redwood City, CA 94063
(650) 521-5930
masur@turnerboyd.com
boyd@turnerboyd.com
bandyopadhyay@turnerboyd.com
kent@turnerboyd.com
gu@turnerboyd.com

    */s/ Kenneth L. Dorsney*
Kenneth L. Dorsney (I.D. #3726)
MORRIS JAMES LLP
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801-1494
(302) 888-6800
kdorsney@morrisjames.com


*ATTORNEYS FOR DEFENDANT*
*ASUS COMPUTER INTERNATIONAL*